UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6068**

|  |  |
|---|---|
| NUTRITION 21, ) | |
| ) | Case No. _____-CIV-**CIV-LENARD** |
| Plaintiff, ) | |
| ) | Magistrate Judge _____ **MAGISTRATE JUDGE** |
| v. ) | **TURNOFF** |
| ) | DECLARATION OF |
| FARMANATURAL, INC., ) | JONATHAN H. de la HARPE, PhD |
| ) | |
| Defendant. ) | |

I, Jonathan H. de la Harpe, declare as follows:

1. I am Vice President, Technical Operations of AMBI Inc. and I make this declaration in support of the motion for a preliminary injunction by Nutrition 21.

2. I hold a B.S. in Physiology and Psychology and a PhD in Biochemistry from the University of Cape Town, South Africa. I have held the positions of Post-doctoral Fellow and Research Associate at The Rockefeller University in New York, and Assistant Professor at the Cornell University Medical College in New York. I have also held the positions of Visiting Scientist at Genentech Inc. in California and Scientist at the Friedrich Miescher Institute in Basel, Switzerland.

3. In my 20 years of scientific experience in biochemical research, including 10 years in pharmaceutical research, and 5 years in nutritional research, and in my experience with chromium supplements and chromium picolinate, I have never seen chromium picolinate used other than as a nutritional supplement to provide essential metals as described in U.S. Patent No. Re. 33,988 ("the '988 patent), or for experimental use in the area of nutrition. To my knowledge, chromium picolinate is not a staple item of commerce that is made by manufacturers for any substantial uses other than as nutritional supplements as described in the '988 patent.



4.  Claim 12 of the '988 patent refers to a "food composition for selectively supplementing an essential metal", including chromium, "in a mammalian diet." A capsule containing a nutritional supplement like chromium picolinate is such a food composition.

5.  Claim 12 describes facilitating absorption of chromium by the mammalian system. A human swallowing a nutritional supplement capsule containing chromium picolinate will facilitate absorption of chromium.

6.  Claim 12 of the '988 patent refers to an "effective amount" of the metal picolinates. The National Academy of Sciences through its Food and Nutrition Board recommends 50-200 micrograms of chromium per day. Thus, according to the National Academy of Sciences, as little as 50 micrograms of chromium per day is an "effective amount" to supplement a diet.

7.  Claim 12 of the '988 patent refers to an "exogenously synthesized" essential metal picolinate complex. An exogenously synthesized material is one synthesized outside of the body, as opposed to one synthesized within the body, and is so defined in column 2, lines 37-40 of the '988 patent. I am aware of no commercially feasible process for extracting chromium picolinate synthesized within the body for subsequent ingestion.

8.  Claim 12 of the '988 patent specifies a generic structural formula for metal picolinates. Columns 3 and 4, examples 1-4 of the '988 patent describe several metal picolinates, including chromium picolinate, having that structural formula.

9.  Claim 13 identifies the essential metal picolinate complex described in claim 12 as being chromium picolinate.

I declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Dated: December 17, 1999

Jonathan H. de la Harpe, PhD