UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NUTRITION 21, | CASE NO. 00-6068-CIV-LENARD |
| | Magistrate Judge Turnoff |
| Plaintiff, | |
| v. | |
| FARMANATURAL, INC., | |
| Defendant. | |

## JOINT SCHEDULING REPORT

Plaintiff Nutrition 21 and Defendant Farmanatural, Inc. submit this Joint Scheduling Report pursuant to S.D. Fla. L.R. 16.1(B)(7) and this Court's Order of February 14, 2000.

**a.   Detailed Schedule of Discovery**

All interrogatories, requests for production, and requests for admission shall be served no later than December 31, 2000. All depositions of fact witnesses shall be completed by April 30, 2001.

**b.   Likelihood of Settlement**

The issue of settlement has been explored, but no agreement reached. As discovery progresses, this issue will continue to be explored.

**c.   Likelihood of Appearance of Additional Parties**

At this time, the parties do not anticipate the appearance in the action of additional parties.

1

d. **Proposed Time Limits**

   i. **To Join Other Parties and To Amend The Pleadings**

   Discovery may disclose the existence of a potential additional party, therefore the time limit to add parties shall be July 31, 2000. All motions to amend the pleadings shall be filed by July 31, 2000.

   ii. **To File and Hear Motions**

   All dispositive and pre-trial motions shall be filed and heard by June 30, 2001.

   iii. **To Complete Discovery**

   Discovery shall be completed by April 30, 2001.

e. **Proposals for Formulation and Simplification of Issues**

   Plaintiff believes the issue of infringement can be simplified by a motion for partial summary judgment. Defendant believes that if a motion for summary judgment is considered, such motion should be heard after a Markman hearing is held. Additionally, the issue of validity of the patent should be considered on summary judgment.

f. **The Necessity or Desirability of Amendments to the Pleadings**

   Discovery may disclose the necessity for amending the pleadings.

g. **Possibility of Obtaining Admissions of Fact and of Documents to Avoid Unnecessary Proof**

   The parties agree that Defendant's admission of fact that it sold products containing chromium picolinate will avoid unnecessary proof.

h. **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

   See (g).

2

i. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge**

Plaintiff believes that all substantive issues relating to the patent in suit should be addressed by the Judge. Defendant is willing to have the Magistrate Judge decide selected issues as agreed to by the Plaintiff.

j. **Preliminary Estimate of the Time Required for Trial**

The parties estimate seven days for trial.

k. **Requested Date for Final Pretrial Conference and Trial**

A pretrial conference is requested to be held on or about August 31, 2001, and trial shall begin on or about September 30, 2001. The parties believe that early settlement conferences may be helpful as follows; (1) due to the de minimis sales by Farmanatural and issue of invalidity of the patent, an immediate mediation will be helpful in reaching settlement and (2) if unsuccessful, a second mediation may be helpful after discovery has been completed.

l. **Other Information Helpful to the Court**

At the present time, the parties are unaware of any information that might be helpful to the Court in setting the case for status or pretrial conference except as set forth above.

**Pretrial Deadlines**

a. **Date for joinder of parties and amendment of pleadings**

July 31, 2000

b. **Date which Parties Shall Furnish Opposing Counsel List of Fact Witnesses**

May 31, 2001

c. **Date Which Fact Discovery Completed**

3

April 30, 2001

d. **Date Which Plaintiff Must Furnish Expert Witness List to Defendant**

October 31, 2000

e. **Date Which Defendant Must Furnish Expert Witness List to Plaintiff**

February 15, 2001

f. **Date Which All Expert Discovery Must Be Completed**

April 30, 2001

g. **Date Which All Dispositive Pretrial Motions Filed and Motions to Exclude or Limit Proposed Expert Testimony**

June 30, 2001

h. **Suggested Date Mediation Shall Be Completed**

The first phase of mediation shall be completed by June 1, 2000; the second phase of mediation shall be completed by May 31, 2001.

FELDMAN GALE & WEBER, P.A.

_____  _____
George G. Kurschner/FBN 238619    James A. Gale/FBN 371726
370 W. Camino Gardens Blvd.       Jeffrey D. Feldman/FBN 330302
Boca Raton, Florida 33434         Nancy J. Flint/FBN 164623
(561) 395-5195                    Miami Center, 19th Floor
                                  201 South Biscayne Boulevard
HELFGOTT & KARAS, P.C.            Miami, Florida 33131
Aaron B. Karas                    (305) 358-5001
Michael F. Sarney
350 Fifth Avenue                  **Attorneys for Defendant**
New York, New York 10118
(212) 643-5000
**Attorneys for Plaintiff**

4

## CERTIFICATE OF SERVICE

I HEREBY certify that I have this day served a copy of the foregoing JOINT SCHEDULING REPORT and PLAINTIFF'S NOTICE OF GOOD CAUSE IN RESPONSE TO ORDER TO SHOW CAUSE on James A. Gale, Esq., Feldman Gale & Weber, P.A., Miami Center - 19th Floor, 201 South Biscayne Blvd., Miami, FL 33131 by fax ( 305-358-3309) and U.S. mail on April 3, 2000.

George G. Kurschner, Esq.
370 W. Camino Gardens Blvd.
Boca Raton, FL 33432
(561) 395-5195
Fla. Bar No. 238619

CASE NO: 00-6068-CIV-LENARD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Scheduling Report was sent via facsimile and U.S. mail this 3rd day of April, 2000, to:

Aaron B. Karas, Esq.
Michael F. Sarney, Esq.
HELFGOTT & KARAS, P.C.
350 Fifth Avenue
New York, NY 10118

George G. Kurschner/FBN 238619
370 W. Camino Gardens Blvd.
Boca Raton, Florida 33434

**Attorneys for Plaintiff**

*[signature]*

I:\farmanatural, inc\pleadings\certificate of service for joint scheduling report.doc